UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:12-CR-00063-H-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MARIO ALBERTO CAVAZOS, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant's pretrial discovery motions [DE-43, 44 & 48-53].[1] The Government has responded [DE-60], and the matters are now ripe for decision.

1. **Motion for Discovery [DE-43]**

Defendant requested that the Government produce discovery pursuant to Rule 16 of the Federal Rules of Criminal Procedure, including any statements made by Defendant, a copy of Defendant's prior criminal record or any prior criminal record of any witnesses after they have testified at trial, any relevant documents, and any tapes or transcripts of recorded conversations that include Defendant. The Government responded that it produced discovery to Defendant on March 22, 2012, and that it has no further Rule 16 discovery to provide. Based on the Government's response that it has produced all Rule 16 discovery, Defendant's motion is **DENIED AS MOOT**.

2. **Motion for Jencks Act Material [DE-44]**

Defendant requested that the Government have any Jencks Act material ready for tender to Defendant immediately after any witness testifies on behalf of the Government. The Jencks

---

[1] Defendant's counsel is reminded of the requirement of Local Criminal Rule 57.1(d), that local counsel must sign all documents filed in this Court.

Act, 18 U.S.C. § 3500, provides that "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of . . . discovery . . . until said witness has testified on direct examination in the trial of the case." 18 U.S.C. § 3500(a). The Act further specifies the scope of production:

> After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement . . . of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified.

18 U.S.C. § 3500(b). The Jencks Act already requires the Government to produce a witness statement, on motion of the defendant, after the witness has testified. Furthermore, the Government has responded that the discovery it produced to Defendant included Jencks Act witness statements, despite the fact that it was not required to produce such statements in advance of the witness testifying. *See United States v. Lewis*, 35 F.3d 148, 151 (4th Cir. 1994) ("The district court may not require the government to produce Jencks Act material relating to one of its witnesses until after the witness has testified."). Accordingly, Defendant's motion is **DENIED AS MOOT**.

3.  **Motion for Notice of Intent to Use 404(b) Evidence [DE-48]**

Defendant requested disclosure of any 404(b) evidence that the Government intends to introduce at trial. Under Rule 404(b) of the Federal Rules of Evidence, the government is permitted to introduce at trial evidence of other crimes, wrongs, or acts not charged in the indictment for certain limited purposes. However, upon request by the defendant, the government must "provide reasonable notice in advance of trial . . . of the general nature of any such evidence it intends to introduce at trial." Fed. R. Evid. 404(b). Consequently, a defendant

2

is not entitled to immediate production by the government of evidence of specific instances of conduct that it intends to introduce at trial, but is entitled to reasonable notice before trial of the government's intent to introduce 404(b) evidence and its general nature. Accordingly, Defendant's motion is **GRANTED**, and the Government shall notify Defendant seven days prior to trial regarding its intended use and general nature of any 404(b) evidence.

4. **Motion to Discover Criminal Records of Witnesses [DE-49], to Produce Exculpatory and Mitigating Evidence [DE-51], and to Reveal Deals and/or Compensation to Witnesses [DE-53]**

Pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, the government is required to disclose evidence that is "both favorable to the accused and 'material either to guilt or to punishment.'" *United States v. Bagley*, 473 U.S. 667, 674 (1985) (quoting *Brady*, 373 U.S. at 87). This requirement includes disclosure of evidence that could potentially be used to impeach or discredit a government witness. *Giglio v. United States*, 405 U.S. 150, 154 (1972). Accordingly, the government must disclose all plea agreements and promises of leniency, immunity, or other similar inducements to testify that have been given to witnesses. *United States v. Stroop*, 121 F.R.D. 269, 274 (E.D.N.C. 1988). Although a specific mandate on the timing of these disclosures has not been established, the Fourth Circuit has held that there is no violation of due process so long as the government discloses exculpatory and impeachment evidence to a defendant "in time for its effective use at trial." *United States v. Smith Grading & Paving, Inc.*, 760 F.2d 527, 532 (4th Cir. 1985).

With respect to the motion to discover criminal records, the Government responded that it will produce the criminal records of its witnesses no later than two weeks prior to trial, which the Court finds satisfactory. Accordingly, Defendant's motion to discover criminal records is

3

**GRANTED**, and the Government shall produce the criminal records of its witnesses no later than two weeks prior to the scheduled trial date.

With respect to the motion to produce exculpatory and mitigating evidence, the Government has indicated that it is not aware of any exculpatory or mitigating evidence subject to disclosure under *Brady*, but that it will comply with its disclosure obligations should such information arise. Accordingly, Defendant's motion to produce exculpatory and mitigating evidence is **DENIED AS MOOT**.

With respect to the motion to reveal any deals and/or compensation between the Government and witnesses, the Government has indicated that it has entered into plea agreements with and filed 5K motions on behalf of several of its anticipated witnesses. The Government further indicated that it will provide copies of those plea agreements and 5K motions to Defendant no later than two weeks prior to trial, which the Court finds satisfactory. Accordingly, the motion to reveal any deals and/or compensation between the Government and witnesses is **GRANTED**, and the Government shall produce such information no later than two weeks prior to the scheduled trial date.

### 5. Motion for Production of the Government's Witness List [DE-50]

Defendant requested disclosure of the Government's witness list prior to voir dire. The Government responded that it would file its witness list prior to jury selection on the first day of trial. Furthermore, this Court's local rules provide that "[b]efore jury selection begins, each party shall file with the court a list of all witnesses the party, in good faith, reasonably anticipates will be called in its evidence-in-chief." Local Criminal Rule 24.1. Accordingly, Defendant's motion for production of the government's witness list is **DENIED AS MOOT**.

4

### 6. Motion to Discover Existence and Identity of Informant [DE-52]

Defendant requested that the Government disclose whether it received any information about this case from an informant, and if so the informant's name and address so that Defendant might issue a subpoena to the informant. The Government responded that it received information from a confidential informant that led to the seizure of 153 kilos of cocaine on May 7, 2007, in Fulton County, Georgia, but that the informant will not be called as a witness at trial and did not provide any information about Defendant or his co-defendant.

"The government has a qualified 'privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law.'" *United States v. Distance*, No. 09-5034, 404 Fed. App'x 746, 747, 2010 WL 5093925, at \*\*1 (4th Cir. Dec. 9, 2010) (quoting *Roviaro v. United States*, 353 U.S. 53, 59 (1957) (citation omitted)). "However, the 'identity of such an informer must be disclosed whenever the informer's testimony may be relevant and helpful to the accused's defense.'" *Id.* (quoting *Roviaro*, 353 U.S. at 62). "In determining whether to require disclosure, a district court must balance 'the public interest in protecting the flow of information against the individual's right to prepare his defense.'" *Id.* "In making this determination, the court should consider the circumstances of the case, including (1) the crime charged, (2) the defendant's possible defenses, (3) the possible significance of the informer's testimony, and (4) any other relevant factors." *Id.* "The defendant bears the burden of demonstrating that the *Roviaro* criteria apply in favor of disclosure." *Id.* (citing *United States v. D'Anjou*, 16 F.3d 604, 609 (4th Cir. 1994)). "Moreover, '[t]he defendant must come forward with something more than speculation as to the usefulness of such disclosure.'" *Id.* (quoting *United States v. Smith*, 780 F.2d 1102, 1108 (4th Cir.1985)).

5

Here, Defendant is charged in a two count indictment with (1) conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine and 280 grams or more of cocaine base (crack) and 1000 kilograms or more of marijuana from no later than 2004 through the date of indictment, and (2) possession with the intent to distribute 1000 or more kilograms of marijuana, aiding and abetting, in or about April 2007. Defendant contends that without the name and address of the informant, Defendant will be deprived of his rights to subpoena a material witness to the alleged crime; will be denied the right to cross examination of his accusers; will be denied the right to a fair and impartial jury trial wherein all evidence is developed; will be denied due process of law and will be denied effective assistance of counsel.

Defendant has not articulated any particularized need for the identity of the informant with respect to the crime charged, the possible defenses, the possible significance of the informer's testimony, or any other factors and has not come forward with anything more than speculation as to the usefulness of the disclosure of the confidential informant. Additionally, the Government has indicated that the informant provided no information with respect to this Defendant or his co-defendant and that the confidential informant will not be called as a witness. Accordingly, Defendant has not carried his burden of demonstrating that the *Roviaro* criteria weigh in favor of disclosure and his motion to disclose the identity of the confidential informant is **DENIED**.

## CONCLUSION

(1) Defendant's motion for discovery [DE-43] is **DENIED AS MOOT**;

(2) Defendant's motion for Jencks Act material [DE-44] is **DENIED AS MOOT**;

(3) Defendant's motion for notice of intent to use 404(b) evidence [DE-48] is **GRANTED**;

(4) Defendant's motion to discovery criminal records of witnesses [DE-49] is **GRANTED**;

6

(5) Defendant's motion for disclosure of the Government's witness list [DE-50] is **DENIED AS MOOT**;

(6) Defendant's motion to produce exculpatory and mitigating evidence [DE-51] is **DENIED AS MOOT**;

(7) Defendant's motion to discover the identity of the confidential informant [DE-52] is **DENIED**; and

(8) Defendant's motion to disclose deals and/or compensation to Government witnesses [DE-53] is **GRANTED**.

This 4th day of June 2012.

Malcolm J. Howard
Senior United States District Judge

7

Case 5:12-cr-00063-H   Document 68   Filed 06/04/12   Page 7 of 7